IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 24 2005
J.T. NOBLIN, CLERK
BY_____ DEPUTY

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
Plaintiff, )
) CIVIL ACTION NO.
v. )
)
Renal Care Group, Inc., ) COMPLAINT
) JURY TRIAL DEMAND
)
Defendant. )
_____)

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and to provide appropriate relief to Vanessa Gray who was adversely affected by such practices. As alleged by the Commission with greater particularity in Paragraphs, 12 through 19 below, Vanessa Gray, an African-American, was discriminated against on the basis of her race and was terminated in retaliation for opposing racially discriminatory employment practices.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-

1

5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Jackson Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Renal Care Group Inc., (the "Employer"), has continuously been doing business in the State of Mississippi and the City of Jackson, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

11. More than thirty days prior to the institution of this lawsuit, Vanessa Gray filed a charge with the Commission alleging

2

violations of Title VII by Defendant Renal Care Group, Inc. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Since at least January 13, 2003, Defendant has engaged in unlawful employment practices at its Jackson, MS (Medical Mall) location, in violation of Section 703(a) and Section 704 (a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a). The practices include the discriminatory discharge of Vanessa Gray on the basis of her race, African-American, and in retaliation for having opposed conduct made unlawful by Title VII.

13. On or about May 14, 2001, Renal Care hired Vanessa Gray as a facility manager of its Medical Mall location in Jackson, MS.

14. On or about January 13, 2003, Vanessa Gray spoke to her manager, Darla Lovelace. During this conversation, she opposed Renal Care's racially disparate employment practices towards an African-American nurse.

15. Later in the day of January 13, 2003, after having complained of disparate employment practices based on race and opposing the same, Gray received a negative performance counseling.

16. The performance counseling described in Paragraph 15 above was the first negative performance counseling Gray had received as a facility manager.

17. On or about January 21, 2002, Renal Care terminated Vanessa Gray's employment.

18. Renal Care terminated Gray without following its progressive discipline procedure.

19. Renal Care's progressive discipline procedure was followed for White employees who received negative performance counseling notices.

20. The effect of the practices complained of in Paragraphs 12 through 19 above has been to deprive Vanessa Gray of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and in retaliation for her opposition to unlawful employment practices.

21. The unlawful employment practices complained of in Paragraphs 12 through 19 above were intentional.

22. The unlawful employment practices complained of in Paragraphs 12 through 19 above were done with malice or with reckless indifference to the federally protected rights of Vanessa Gray.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation and race discrimination and any other employment practice which

discriminates on the basis of race or retaliation.

  B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant to make whole Vanessa Gray, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement, rightful-placement and front pay.

  D. Order Defendant to make whole Vanessa Gray by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 12 through 19 above, including, out of pocket losses, job search expenses, and medical expenses in amounts to be determined at trial.

  E. Order Defendant to make whole Vanessa Gray by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 12 through 19 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay Vanessa Gray punitive damages for

its malicious and reckless conduct described in Paragraphs 12 through 19 above, in amounts to be determined at trial.

    G.   Grant such further relief as the Court deems necessary and proper in the public interest.

    H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                      Eric Dreiband
                      General Counsel

                      James L. Lee
                      Deputy General Counsel

                      Gwendolyn Young Reams
                      Associate General Counsel

                      _____
                      Charles E. Guerrier
                      Regional Attorney
                      Ohio Bar # 0023546

                      _____
                      Mildred Byrd
                      Supervisory Trial Attorney
                      Louisiana Bar # LA03741

                      _____
                      Valerie Hicks Powe
                      Senior Trial Attorney
                      Alabama Bar # ABS1127W70V
                      EQUAL EMPLOYMENT OPPORTUNITY
                      COMMISSION
                      1130 22nd Street South Ste. 2000
                      Birmingham, AL 35205
                      (205) 212-2046
                      (205) 212-2041 facsimile